**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In the Matter of: | In Bankruptcy |
| **THOMAS JULIAN JOSEPH and ANN MARIE JOSEPH,** | Case No. 09-47467 tjt<br>Chapter 7<br>Hon. Thomas J. Tucker |
| Debtor(s).<br>_____/ | |
| **K. JIN LIM, TRUSTEE,** | |
| Plaintiff, | Adv. Pro. No. |
| -vs- | |
| **HARRY L. GRUITS, JENNIFER GRUITS, THOMAS JULIAN JOSEPH AND ANN MARIE JOSEPH,** | |
| Defendants.<br>_____/ | |

## COMPLAINT IN INTERPLEADER

Trustee K. Jin Lim, by her attorneys Schneider Miller, P.C., says for her complaint:

1. Jurisdiction is based on 28 U.S.C. §157. This is a core proceeding.

2. Plaintiff is the duly appointed Trustee in this case.

3. Defendants Harry L. Gruits and Jennifer Gruits are residents of this district.

4. Defendants Thomas Joseph and Ann Joseph are the Debtors in this case.

5. On November 23, 2010, the Trustee filed Trustee's Motion for Authority to Redeem and Sell residential Real Property Free and Clear of Liens and Interests and for Authority to Pay Broker's Commission ("the sale Motion") (Docket #106). A copy of the Offer to Purchase Real Estate by Defendants Harry L. Gruits and Jennifer Gruits was attached as Exhibit A to the sale Motion.

6. An Order Confirming Sale of Residential Real Property Free and Clear of liens and Interests and Order Authorizing Payment of Broker's commission (the "Sale Order") was entered December 21, 2010 by consent of Defendants Thomas Joseph and Ann Marie Joseph, Fifth Third Bank and PNC Bank (Docket #16).

7. By the terms of the Sale Order, the Trustee was to remit $25,000.00 to the Defendant Debtors in full satisfaction of any available exemptions. The payment to the Defendant Debtors was to be made within three (3) business days of the Defendant "Debtors timely surrender of the premises in good order and purchasers' final inspection".

8. The Defendant Debtors timely surrendered the premises, but the Defendant Debtors did not surrender the premises in good order. In particular, Defendant Debtors removed window blinds, window drapes and hardware, a built-in refrigerator, woodmade refrigerator door panels, a built-in dishwasher, an exterior garden bell and a wall mounted copper mailbox.

9. All of the items described in paragraph 8 were by the terms of the purchase agreement to have remained.

10. Defendants Harry Gruits and Jennifer Gruits delivered a summary of estimates to repair or replace the items described in paragraph 9. The summary is attached as Exhibit A together with a proposal (Exhibit B) concerning the custom refrigerator panels. Defendants Harry Gruits and Jennifer Gruits also submitted before and after photos of the residence to show these missing items.

11. The total of the claims of Defendants Harry Gruits and Jennifer Gruits is $16,997.21 (including the increased expense for the custom panels over the estimate for these

panels as included in the summary).

12. In addition to the damages sustained by Defendants Harry Gruits and Jennifer Gruits, the estate has sustained damages of $1,849.00 (as of January 26, 2011) consisting of attorney fees as a direct result of the removal by Defendant Debtors of the items described in paragraph 8 in violation of the purchase agreement. (A detail is attached as Exhibit D.)

13. Pursuant to the terms of the Sale Order, Plaintiff has withheld the funds due Defendant Debtors in settlement of their exemption claims.

14. The Trustee has by her counsel repeatedly demanded of Defendant Debtors that they replace or restore the missing items or reach a financial settlement with Defendants Harry Gruits and Jennifer Gruits.

15. By e-mail to the Defendant Debtors' attorney dated January 19, 2100 (copy attached as Exhibit C), the Defendant Debtors were advised that the Trustee would, failing terms, file this complaint for interpleader and that the Plaintiff would seek reimbursement of attorney fees sustained by the estate as well as compensation of Defendants Harry Gruits and Jennifer Gruits from the $15,000.00 exemption money.

16. As of January 25, 2011, Defendant Debtors have offered to restore or replace no items and have offered no part of the $25,000.00 exemption money as compensation to Defendants Harry Gruits and Jennifer Gruits of to this estate.

17. The estate is exposed to double or multiple liability.

18. Interpleader is authorized BR 7022 (F.R. Civ. P 22).

3

**WHEREFORE,** the Trustee prays for judgment:

1. Allowing recovery of the estate's fees and expenses relating to the Defendant Debtors' breach of the purchase agreement in the amount of $1,849.00 as of January 26, 2011 from the exemption money.

2. Authorizing the Trustee to either hold in a segregated account or deposit with the Court the balance of exemption money ($23,151.00) pending further order of the Court

3. Discharging the estate of any further liability to the Defendant Debtors with respect to the exemption money and to Defendants Harry Gruits and Jennifer Gruits with respect to the purchase agreement.

        SCHNEIDER MILLER, P.C.

Dated: January 27, 2011

By:   /s/ Kenneth M. Schneider
KENNETH M. SCHNEIDER (P-31963)
Attorney for Trustee/Plaintiff
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kschneider@schneidermiller.com