UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

THOMAS JULIAN JOSEPH and
ANN MARIE JOSEPH,

Debtor(s).

In Bankruptcy

Case No. 09-47467 tjt
Chapter 7
Hon. Thomas J. Tucker

_____/

K. JIN LIM, TRUSTEE,

    Plaintiff,

-vs

HARRY L. GRUITS, JENNIFER GRUITS,
THOMAS JULIAN JOSEPH AND
ANN MARIE JOSEPH,

    Defendants.

Adv. Pro. No. 11-04461-tjt

_____/

## HARRY L. GRUITS & JENNIFER GRUITS ANSWER TO INTERPLEADER COMPLAINT AND COUNTERCLAIM/CROSSCLAIM

Defendants Harry L. Gruits and Jennifer Gruits, by their attorneys Bodman PLC, answers Trustee's Complaint as follows:

1.    Jurisdiction is based on 28 U.S.C. §1 57. This is a core proceeding.

### ANSWER:

Admitted.

2.    Plaintiff is the duly appointed Trustee in this case.

**ANSWER:**

Admitted.

3. Defendants Harry L. Gruits and Jennifer Gruits are residents of this district.

   **ANSWER:**

   Admitted.

4. Defendants Thomas Joseph and Ann Joseph are the Debtors in this case.

   **ANSWER:**

   Defendants Harry L. Gruits and Jennifer Gruits lack sufficient information to admit or deny the allegation in paragraph 4.

5. On November 23, 2010, the Trustee filed Trustee's Motion for Authority to Redeem and Sell residential Real Property Free and Clear of Liens and Interests and for Authority to Pay Broker's Commission ("the sale Motion") (Docket #106). A copy of the Offer to Purchase Real Estate by Defendants Harry L. Gruits and Jennifer Gruits was attached as Exhibit A to the sale Motion.

   **ANSWER:**

   Admitted.

6. An Order Confirming Sale of Residential Real Property Free and Clear of liens and Interests and Order Authorizing Payment of Broker's commission (the "Sale Order") was entered December 21, 2010 by consent of Defendants Thomas Joseph and Ann Marie Joseph, Fifth Third Bank and PNC Bank (Docket #16).

**ANSWER:**

Admitted.

7. By the terms of the Sale Order, the Trustee was to remit $25,000.00 to the Defendant Debtors in full satisfaction of any available exemptions. The payment to the Defendant Debtors was to be made within three (3) business days of the Defendant "Debtors timely surrender of the premises in good order and purchasers' final inspection."

**ANSWER:**

Admitted.

8. The Defendant Debtors timely surrendered the premises, but the Defendant Debtors did not surrender the premises in good order. In particular, Defendant Debtors removed window blinds, window drapes and hardware, a built-in refrigerator, woodmade refrigerator door panels, a built-in dishwasher, an exterior garden bell and a wall mounted copper mailbox.

**ANSWER:**

Admitted. Attached as **Exhibit A** are Photos of the property before the debtor vacated the premises and when Defendants Harry L. Gruits and Jennifer Gruits inspected the property after debtor vacated. The photos demonstrate that all the window blinds, drapes, related hardware, a built-in refrigerator with custom paneling, built-in dishwasher, mailbox, and garden bell, were removed from the premises despite the fact that the purchase order specifically called for those items to remain with the house. The purchase agreement is attached as **Exhibit B**.

9. All of the items described in paragraph 8 were by the terms of the purchase agreement to have remained.

    **ANSWER:**

    Admitted. See **Exhibit B**.

10. Defendants Harry Gruits and Jennifer Gruits delivered a summary of estimates to repair or replace the items described in paragraph 9. The summary is attached as Exhibit A together with a proposal (Exhibit B) concerning the custom refrigerator panels. Defendants Harry Gruits and Jennifer Gruits also submitted before and after photos of the residence to show these missing items.

    **ANSWER:**

    Admitted. A more detailed summary with vendor estimates is attached as **Exhibit C**.

4

11. The total of the claims of Defendants Harry Gruits and Jennifer Gruits is $16,997.21 (including the increased expense for the custom panels over the estimate for these panels as included in the summary).

   **ANSWER:**

   Admitted. See **Exhibit C**.

12. In addition to the damages sustained by Defendants Harry Gruits and Jennifer Gruits, the estate has sustained damages of $1,849.00 (as of January 26, 2011) consisting of attorney fees as a direct result of the removal by Defendant Debtors of the items described in paragraph 8 in violation of the purchase agreement. (A detail is attached as Exhibit D.)

   **ANSWER:**

   Defendants Harry L. Gruits and Jennifer Gruits lack sufficient information to admit or deny the allegations in paragraph 12.

13. Pursuant to the terms of the Sale Order, Plaintiff has withheld the funds due Defendant Debtors in settlement of their exemption claims.

   **ANSWER:**

   Admitted.

14. The Trustee has by her counsel repeatedly demanded of Defendant Debtors that they replace or restore the missing items or reach a financial settlement with Defendants Harry Gruits and Jennifer Gruits.

**ANSWER:**

Defendants Harry L. Gruits and Jennifer Gruits believe this is true, but lack sufficient information to admit or deny this allegation.

15. By e-mail to the Defendant Debtors' attorney dated January 19, 2100 (copy attached as Exhibit C), the Defendant Debtors were advised that the Trustee would, failing terms, file this complaint for interpleader and that the Plaintiff would seek reimbursement of attorney fees sustained by the estate as well as compensation of Defendants Harry Gruits and Jennifer Gruits from the $15,000.00 exemption money.

**ANSWER:**

Defendants Harry L. Gruits and Jennifer Gruits lack sufficient information to admit or deny the allegation in paragraph 15, although they not that the exemption amount is $25,000, not $15,000.

16. As of January 25, 2011, Defendant Debtors have offered to restore or replace no items and have offered no part of the $25,000.00 exemption money as compensation to Defendants Harry Gruits and Jennifer Gruits of to this estate.

**ANSWER:**

Admitted.

17. The estate is exposed to double or multiple liability.

**ANSWER:**

Defendants Harry L. Gruits and Jennifer Gruits lack sufficient information to admit or deny the allegation in paragraph 17.

18. Interpleader is authorized BR 7022 (F.R. Civ. P 22).

**ANSWER:**

Paragraph 18 states a legal conclusion that requires no response.

## COUNTERCLAIM/CROSSCLAIM

Harry L. Gruits and Jennifer Gruits, through their undersigned attorneys Bodman PLC, for their counterclaim against Trustee K. Jin Lim and cross-claim against Thomas Julian Joseph and Ann Marie Joseph, state as follows:

1. On November 23, 2010, the Trustee filed Trustee's Motion for Authority to Redeem and Sell residential Real Property Free and Clear of Liens and Interests and for Authority to Pay Broker's Commission ("the sale Motion") (Docket #106). A copy of the Offer to Purchase Real Estate ("Purchase Agreement") by Defendants Harry L. Gruits and Jennifer Gruits was attached as Exhibit A to the sale Motion.

2. An Order Confirming Sale of Residential Real Property Free and Clear of liens and Interests and Order Authorizing Payment of Broker's commission (the "Sale Order") was entered December 21, 2010 by consent of Defendants Thomas Joseph and Ann Marie Joseph, Fifth Third Bank and PNC Bank (Docket #16).

3. By the terms of the Sale Order, the Trustee was to remit $25,000.00 to the Defendant Debtors in full satisfaction of any available exemptions. The payment to the Defendant Debtors was to be made within three (3) business days of the Defendant "Debtors timely surrender of the premises **in good order** and purchasers' final inspection." (emphasis added).

4. The Defendant Debtors did not surrender the premises in good order. Attached as **Exhibit A** are Photos of the property before the debtor vacated the premises and when Harry L. Gruits and Jennifer Gruits inspected the property after debtor vacated. The photos demonstrate that all the window blinds, drapes, related hardware, a built-in refrigerator with custom paneling, dishwasher, mailbox, and garden bell, were removed from the premises despite the fact that the purchase

8

Detroit_1065832_1

11-04461-tjt   Doc 4   Filed 02/08/11   Entered 02/08/11 10:18:52   Page 8 of 10

agreement specifically called for those items to remain with the house. The purchase agreement is attached as **Exhibit B**.

5. Harry L. Gruits and Jennifer Gruits prepared a detailed summary of the replacement cost for the items improperly removed from the property and included estimates, totaling $16,997.21. **Exhibit C**. Harry L. Gruits and Jennifer Gruits provided the summary and estimates to Trustee, who has not objected to the estimates.

6. Cross-Defendants Thomas Julian Joseph and Ann Marie Joseph have not returned any of the improperly removed items to the property, nor have they made any offer to settle with Harry L. Gruits and Jennifer Gruits for the value of the stolen property.

7. Counter-defendant Trustee K. Jin Lim has asked the Court to authorize her to either hold the exemption amount ($25,000) in a segregated account or deposit it with the Court.

8. Pursuant to the Purchase Agreement and the Court's December 21, 2010 Order, Harry L. Gruits and Jennifer Gruits are entitled to $16,997.21, and their costs, including "actual attorney fees," from the exemption amount.

WHEREFORE, Harry L. Gruits and Jennifer Gruits request entry of an Order allowing recovery of $16,997.21, and costs, including actual attorney fees, from the exemption amount held by Trustee.

9

Detroit_1065832_1

11-04461-tjt  Doc 4  Filed 02/08/11  Entered 02/08/11 10:18:52  Page 9 of 10

BODMAN PLC

By: /s/ Colin Darke
Colin Darke (P68294)
Rebecca D'Arcy O'Reilly (P70645)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
cdarke@bodmanlaw.com
*Attorneys for Defendants/Counter-Plaintiffs/Cross-Plaintiffs Harry L. Gruits and Jennifer Gruits*

February 7, 2011

Detroit_1065832_1